**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

UNITED STATES OF AMERICA

V.                                                                    Criminal No. 3:04-cr-13WS

THOMAS REESE

**ORDER**

Before the court is a motion brought by the defendant Tom Reese seeking sentencing credit under Title 18 U.S.C. § 3585(b)[1]. The defendant says he is entitled to credit on his federal sentence for time spent serving a sentence imposed by the State of Mississippi. The parties agree that the defendant was in state custody when he was indicted on federal charges in January of 2004. Pursuant to the federal indictment, the United States Attorney filed a Petition for Writ of Habeas Corpus *ad Prosequendum* on February 2, 2004. The Order for Writ directed the United States Marshal to obtain custody of the defendant from his incarceration with the Mississippi Department of Corrections, and then to return the defendant to State custody once proceedings in this

---

[1]Title 18 U.S.C. § 3585(b) provides that, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

1

court were concluded. This court sentenced the defendant on June 24, 2004, and returned him to state custody. The federal sentence does not direct that it be served concurrently with any state sentence.

The defendant says that after he was returned to state custody he was sentenced on August 15, 2005, in two state cases to serve a total of three years in state custody and that these state court Orders specifically provide that the state court sentences were to run concurrently with the time the defendant was serving on federal charges. No agreement, however, existed between this court and the state court with regard to concurrent sentencing.

The United States submits that the state court's recitation of concurrent sentencing was in error because federal time does not commence running until the defendant is delivered to federal prison after the completion of his state sentences.[2] In other words, "a sentence to a term of [federal] imprisonment commences on the date the defendant is received in custody ... [at] the official detention facility at which the sentence is to be served." *See Meagher v. Clark*, 943 F.2d 1277, 1282-83 (11th Cir. 1991) (the federal sentence is to be calculated from the date the prisoner is delivered into federal custody for service of the sentence).

In the instant case, the defendant was not delivered into federal custody for transport to a federal facility; instead, he was released by the state facility to federal officers for transport to the federal court for sentencing pursuant to a Writ of Habeas

---

[2]Title 18 U.S.C. § 3585(a) provides that, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

Corpus *Ad Prosequendum*. "A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). A prisoner is not entitled to credit toward a federal sentence for any period of time he was on loan to federal authorities on a writ of habeas corpus *ad prosequendum* from state custody. *See Ruggiano v. Reish*, 307 F.3d 121, 125 n. 1 (3rd Cir. 2002) (a prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction); *Thomas v. Walen*, 962 F.2d 358, 360-64 (4th Cir. 1992); *Thomas v. Brewer*, 923 F.2d 1361, 1368-69 (9th Cir. 1991).

Furthermore, the Federal Bureau of Prisons is not required to credit the defendant's state sentence against his federal sentence, not even when the state court sentence provides that it is to be served concurrently with a federal sentence. *See Leal v. Tombone*, 341 F.3d 427, 429 (5th Cir. 2003).

Finally, as noted by the United States, the defendant's federal sentence in the instant case was imposed first. Thus, this court did not and could not have ordered its sentence to be served concurrently with any state sentence since the defendant's state sentences had not yet been imposed. Of course, the state court could have requested that the defendant be allowed to serve his state sentence in federal custody but did not do so. *See Causey*, 621 F.2d at 694 (the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first). Since no such agreement was reached, and since none was required to be entered into, Title 18 U.S.C. § 3585(a) (footnote 2) governs

3

commencement of the defendant's federal sentence in this case. This means that the defendant's federal sentence did not begin until after he was delivered to the federal prison and after has state time had been served.

Consequently, the defendant is not entitled to credit for time served as requested and his motion is denied.

**SO ORDERED** this the 5th day of April, 2010.

                               **s/ HENRY T. WINGATE**

                               _____
                               **CHIEF JUDGE**
                               **UNITED STATES DISTRICT COURT**

Criminal No. 3:04-cr-13WS
Order denying sentencing credit